

**New Jersey**
430 Mountain Avenue
Suite 303
Murray Hill, NJ 07974

(908) 516-1050 Tel
(908) 516-1051 Fax

**Writer's Direct Dial:**
908-516-1056

**Writer's E-mail:**
dlichtenberg@fisherphillips.com

May 16, 2023

***VIA ELECTRONIC FILING, CM/ECF***
The Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re: Joshua B. Kritz v. fuboTV Inc. and Pamela Duckworth
> Docket No.: 22-cv-10360 (VSB)

Dear Judge Broderick:

Kindly recall this Firm represents Defendants in the above-referenced matter. Enclosed please find a proposed Discovery Confidentiality Protective Order executed by the parties for Your Honor's review and signature.

Please do not hesitate to contact me with any questions. Thank you for Your Honor's time and attention to this matter.

Respectfully submitted,

*David B. Lichtenberg*
David B. Lichtenberg
For FISHER & PHILLIPS LLP

DBL:epg

**Fisher & Phillips LLP**
Atlanta · Baltimore · Boston · Charlotte · Chicago · Cleveland · Columbia · Columbus · Dallas · Denver · Detroit · Fort Lauderdale · Gulfport · Houston
Irvine · Kansas City · Las Vegas · Los Angeles · Louisville · McLean · Memphis · Minneapolis · Nashville · New Jersey · New Orleans · New York · Orlando
Philadelphia · Phoenix · Pittsburgh · Portland · Sacramento · San Diego · San Francisco · Seattle · Tampa · Washington, DC · Woodland Hills

FP 47147184.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JOSHUA B. KRITZ,

                                 Plaintiff,

        vs.

FUBOTV, INC. and PAMELA DUCKWORTH in her individual and professional capacities,

                              Defendants.

----------------------------------------------------------------x

Docket No. 1:22-cv-10360-VSB

**STIPULATION AND [PROPOSED] ORDER FOR PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

      This matter having come before the Court by stipulation of Plaintiff Joshua B. Kritz ("Plaintiff") and Defendants fuboTV Inc., and Pamela Duckworth, for the entry of a protective order in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by any party or prospective party and their respective counsel, or by any non-party, in the course of discovery in this matter to the extent set forth below; and the parties, by, between, and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown that this Stipulation be entered as an Order of the Court,

      **IT IS HEREBY ORDERED** that:

      1.     For the purposes of this Stipulation and [Proposed] Order for Production and Exchange of Confidential Information (the "Order"), the following documents and information may be designated as "Confidential," provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it:

1

a. Sensitive Commercial Data, including but not limited to, confidential or proprietary research; development, commercial, financial, or business information; trade secrets; company security matters; customer or client lists and information; non-public financial statement information, policies, and communications; non-public accounting and financial records, policies, and communications; sales data and projected sales data; pricing data; and handbooks and policies.

b. Sensitive Personal Data, including but not limited to, personal identifiers, financial information, tax records, employment application information, the identity of and information received from employment references, wage and income information, benefits information, employee evaluations, medical evaluation and treatment information and records, counseling or mental health records, educational records, and employment counseling, discipline, or performance improvement documentation;

c. Medical or Mental Health Information, including but not limited to, medical files, reports, and communications involving medical and mental health information.

d. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying "Confidential" discovery.

2.      If any party believes a document not described in the above Paragraph should nevertheless be considered "Confidential," it may be designated "Confidential" upon the agreement of the parties or the granting of an application for such relief by the Court upon a showing of good cause.

3.      An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "Confidential" on each page.  Medical and mental health treatment records, whether produced by a party to this action or a third-party, shall be deemed "Confidential" regardless of whether they are so labeled.

      a.      If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "Confidential," and incorporate by reference the appended material into the responses.

      b.      At the time of a deposition, or within thirty (30) days after receipt of the deposition transcript, a party may designate as "Confidential" specific portions of the transcript which contain confidential matters under the standards set forth in Paragraph (1) above.  This designation shall be in writing and served upon all counsel.  No objection shall be interposed at a deposition that an answer would elicit confidential information.  Transcripts will be treated as confidential for this thirty (30) day period.  Any portion of a transcript designated "Confidential" shall thereafter be treated as confidential in accordance with this Order.  The "Confidential" portion of the transcript, and any exhibit referenced solely therein, shall be saved in a separate document and marked "Confidential" by the reporter.

4. Documents designated "Confidential" shall be shown only to the following persons (the "Designated Persons"):

    a. The parties to this action.

    b. Any witness(es) whom counsel for any party in good faith believes may be called to testify at trial or a deposition in this action, and any witness(es) who are deposed by any party in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order.

    c. Counsel for the parties to this action who are charged with responsibility for, and are actively engaged in the preparation of, this matter for trial and in the actual trial of this matter or any appeal therein ("Counsel"), and Counsel's employees, including but not limited to, paralegals, secretaries, and clerical employees who are actually involved in the preparation and/or trial of this action or any appeal therein.

    d. Experts, consultants, outside vendors, or service providers retained by the parties to assist in the preparation and/or trial of this action, and their employees who are involved in the preparation and/or trial of this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order.

    e. Court reporters, stenographers, or videographers engaged for depositions and at trial and/or in connection with any hearing in this action.

    f. The Court in this action, including any appellate Court, the members of the jury, Court reporters, and all Court personnel.

       g.     Case evaluators, facilitators, and/or mediators as assigned by the Court or mutually agreed-upon by the parties.

       h.     Any other person agreed-to in writing by the parties.

5.     Review of the "Confidential" documents and information by Designated Persons shall not waive the confidentiality of the documents or objections to production.

6.     The inadvertent, unintentional, or *in camera* disclosure of a "Confidential" document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "Confidential," the party may so designate by apprising all parties in writing and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as "Confidential" under this Order.

7.     If a party believes that a document designated or sought to be designated "Confidential" by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

8.     Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery. If a producing party inadvertently produces material that the producing party later discovers to be privileged or subject to other protection, such as the attorney-client privilege and/or work product doctrine, the production of that material shall not be deemed to constitute either: (a) a general waiver of the

attorney-client privilege, the work product doctrine, and/or any other recognized privileged; or (b) a specific waiver of any such privilege with respect to documents being produced or testimony given. In such circumstances, as soon as the producing party becomes aware that privileged or protected material was produced, it must notify the receiving party and request, at the producing party's election, either the return or the destruction of the produced material. Within five (5) business days after receiving such notification, the receiving party shall either: (a), as instructed, return, or destroy all such produced material, including all copies and summaries thereof in any receiving party work product, and provide a certification to counsel that all such information has been returned or destroyed; (b) notify the producing party that it disputes the producing party's characterization of the documents as privileged, in which case the producing party may file an application with the court seeking the return of the documents at issue. The receiving party shall not use the contents of any such documents for any purpose unless a ruling of the Court establishes its right to do so. Pending the determination of any such application, or if the claim of privilege is not disputed, the receiving party must take reasonable steps to retrieve the produced material from third parties if the receiving party disclosed it before being notified. The parties recognize that the protection under this Paragraph is stricter than that provided for under the Federal Rules of Civil Procedure and is made for the purpose of compliance with Federal Rule of Evidence 502(d).

9.    The parties shall comply with the Southern District of New York's "Steps for E-Filing Sealed Documents - *Civil* cases" and the Judge's Individual Rules if they wish to move to file a document under seal.

10.   Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

11. In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

12. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

13. The parties agree to be bound by the terms of this Order pending its entry by the Court or pending the entry of an alternative thereto which is satisfactory to all parties.

**SO STIPULATED AND AGREED**.

Dated: May  16 , 2023

*Tanvir Rahman*
Tanvir Rahman, Esq.
FILIPPATOS PLLC
199 Main Street, Suite 800
White Plains, New York 10601
Tel: (914) 984-1111
Email: trahman@filippatoslaw.com

*Counsel for Plaintiff*

*David B. Lichtenberg*
David B. Lichtenberg, Esq.
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974

Times Square Tower
7 Times Square, Suite 4300
New York, New York 10036
Email: dlichtenberg@fisherphillips.com

*Counsel for Defendants*

**SO ORDERED:**

*Vernon Broderick*
Honorable Vernon S. Broderick, U.S.D.J.

Dated:  5/17/2023

7

# EXHIBIT A

Case 1:22-cv-10360-VSB   Document 15-1   Filed 05/16/23   Page 9 of 10

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

JOSHUA B. KRITZ,

                                Plaintiff,

         vs.

FUBOTV, INC. and PAMELA DUCKWORTH in
her individual and professional capacities,

                              Defendants.

-----------------------------------------------------------------x

Docket No. 1:22-cv-10360-VSB

**NON- DISCLOSURE AGREEMENT**

      I, _____, have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as "Confidential." I have been informed that any such documents or information labeled "Confidential" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

      By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement, and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

_____         Dated: _____
[Signature]